25-1878-ag
Chevers v. Blanche

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT:
> DENNY CHIN,
> STEVEN J. MENASHI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

Jaleel de Audre Scott Chevers,

> *Petitioner*,

v.                                                          25-1878

Todd Blanche, Acting United States Attorney General,

> *Respondent.*\*

---

\* The Clerk of Court is directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

FOR PETITIONER:                    KERRY Q. BATTENFELD (Jillian E. Nowak, Karen Murtagh, *on the brief*), Prisoners' Legal Services of New York, Buffalo, NY.

FOR RESPONDENT:                    ALEXA PERLMUTTER, Trial Attorney, Office of Immigration Litigation (Brett A. Shumate, Assistant Attorney General, Civil Division, Walter Bocchini, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaleel de Audre Scott Chevers, a native and citizen of Jamaica, seeks review of a July 3, 2025, decision of the BIA affirming a January 14, 2025, decision of an Immigration Judge ("IJ") ordering his removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony. *In re Chevers*, No. A089-489-910 (BIA July 3, 2025), *aff'g* No. A089-489-910 (Immigr. Ct. Batavia Jan. 14, 2025). We assume the parties' familiarity with the facts and procedural history.

The sole issue before us is whether Chevers's conviction for bail jumping in the second degree under New York Penal Law § 215.56 is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(T). Although our jurisdiction to review a removal order is limited when, as in this case, the petitioner was ordered removed for an aggravated felony, we retain jurisdiction to review questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D). Whether a conviction is an aggravated felony is a question of law that we review de novo. *See Garcia Pinach v. Bondi*, 147 F.4th 117, 125-26 (2d Cir. 2025).

We have "generally used the categorical approach to determine whether a prior conviction qualifies as an aggravated felony under § 1101(a)(43)." *Pugin v. Garland*, 599 U.S. 600, 603 (2023) (internal quotation marks omitted). "Under that approach, courts look to 'the elements of the statute of conviction, not to the facts of each defendant's conduct.'" *Id.* at 603-04 (quoting *Taylor v. United States*, 495 U.S. 575, 601 (1990)). To show that a state statute exceeds "the generic definition of a listed crime in a federal statute," an alien must establish "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). He can meet this burden by "point[ing] to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues," *id.*, or by demonstrating that the "state statute … on its face extends to conduct beyond the definition of the corresponding federal offense," *Hylton v. Sessions*, 897 F.3d 57, 63 (2d Cir. 2018).

The definition of "aggravated felony" in the Immigration and Nationality Act includes "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(T). In *Henriquez v. Sessions*, we explained that, to fall within this definition, an offense must involve "(1) a failure to appear (2) before a court (3) pursuant to a court order (4) to answer to or dispose of a charge of a felony (5) for which a sentence of 2 years' imprisonment or more may be imposed." 890 F.3d 70, 73 (2d Cir. 2018) (internal quotation marks omitted). Accordingly, the question here is whether Chevers's conviction under New York Penal Law § 215.56 for second-degree bail jumping satisfies these elements.

In *Henriquez*, we held that first-degree bail jumping under New York Penal Law § 215.57 "satisfies the first four elements of § 1101(a)(43)(T)." *Id.* We further held that the fifth element was satisfied because it refers to the sentence available for "the failure to appear and not, as the government suggests, to the sentence imposed on a petitioner's underlying felony." *Id.* The *Henriquez* opinion mentioned that an interpretation of the INA by the BIA receives *Chevron* deference—even though, as noted, the opinion ultimately rejected the interpretation of the government. Even if we had relied on

3

principles of deference, however, "the holdings of prior cases are still subject to statutory *stare decisis* despite our change in interpretive methodology." *Garcia Pinach v. Bondi*, 147 F.4th 117, 121 (2d Cir. 2025) (alterations omitted) (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024)). Adhering to a prior precedent is particularly appropriate when that precedent "proceeded to consider additional arguments—in addition to agency deference"—in reaching its interpretive conclusion. *Id.* at 133.

Chevers has not shown that New York's second-degree bail jumping statute is meaningfully different from the first-degree bail jumping statute addressed in *Henriquez*. The wording of the statutes reflects minimal differences, shown in the following blackline:

> A person is guilty of bail jumping in the ~~first~~ <u>second</u> degree when by court order he has been released from custody or allowed to remain at liberty, either upon bail or upon his own recognizance, upon condition that he will subsequently appear personally in connection with ~~an indictment pending against him which charges him with the commission of a class A or class B felony~~ <u>a charge against him of committing a felony</u>, and when he does not appear personally on the required date or voluntarily within thirty days thereafter.

N.Y. Pen. L. §§ 215.56-57. Chevers argues that § 215.56 is broader than § 215.57 in relation to the requirement of § 1101(a)(43)(T) that the defendant fail to appear "before a court." He says that the statute could apply to "failures to appear outside of a court," such as a failure to attend a drug treatment program or a failure "to surrender to authorities for the commencement of a sentence." Petitioner's Br. 26-27, 32.[1]

We conclude that *Henriquez* forecloses Chevers's argument about the "before a court" element as a matter of precedent. There is no material difference between this

---

[1] The government understood Chevers to argue that § 215.56 is also overbroad as to the "to answer to or dispose of a felony" element. Respondent's Br. 38-42. But Chevers clarified that he "does not argue that N.Y.P.L. § 215.56 is overbroad as to the generic element of 'to answer of or dispose of a charge of a felony,' but rather, with respect to the 'before a court' element." Reply Br. 14 (citation omitted).

element of first-degree bail jumping—which requires that the missed appearance be "in connection with an indictment" charging "the commission of a class A or class B felony"—and the corresponding element of second-degree bail jumping, which requires that the missed appearance be "in connection with a charge … of committing a felony." N.Y. Pen. L. §§ 215.56-57. The language in both statutes that the defendant be required to "appear personally" naturally refers to an appearance in court. *See Appear*, Black's Law Dictionary (4th ed. 1968) ("Coming into court by a party to a suit, whether plaintiff or defendant"); *Appear*, Webster's New World Dictionary of the American Language, College Edition 70 (1960) ("to present oneself formally in court as attorney, plaintiff, etc."). That meaning does not change depending on whether the defendant must "appear personally" in connection with an "indictment" or a "charge."

Because § 215.56 on its face does not extend beyond § 1101(a)(43)(T), Chevers must show a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Duenas-Alvarez*, 549 U.S. at 193. He fails to do so. First, Chevers points to jury instructions related to the bail-jumping offense. *See* Petitioner's Br. 25. Jury instructions might provide evidence of a specialized meaning, *see, e.g.*, *United States v. Glass*, 904 F.3d 319, 323 (3d Cir. 2018), but in this case the jury instructions merely replicate the use of the word "appear" in the bail-jumping statutes.

Second, Chevers identifies an opinion of the Appellate Division that he interprets as showing that § 215.56 applies to the failure to comply with a drug court treatment contract. *See* Petitioner's Br. 26-27. The opinion recounts that the defendant signed a contract with the drug court related to an earlier forgery charge and then "left the state for several months and, when he was returned on a bench warrant in 2012, he admitted that he violated the drug court contract, pleaded guilty to bail jumping, and was sentenced to consecutive indeterminate terms of imprisonment." *People v. Mason*, 40 N.Y.S.3d 694, 694 (4th Dep't 2016). Chevers suggests that this sentence shows that the bail-jumping charge was based only on a violation of the drug court contract, but it is equally possible that the bail-jumping charge was related to the bench warrant or another missed court appearance during the defendant's absence from the state.

Third, Chevers identifies cases in which § 215.56 was historically used to criminalize the failure to surrender to commence a sentence. *See* Petitioner's Br. 31-32. Some of these cases, however, concerned failures to surrender *at the courthouse* to commence the sentence. *See, e.g.*, *People v. Halm*, 683 N.Y.S.2d 292 (3d Dep't 1998). But even if the surrender location were at the prison, the New York courts have more recently clarified that § 215.56 cannot be used to criminalize the failure to surrender to serve a sentence because, after a sentence is imposed and a judgment is entered, there is "no pending felony charge" against the defendant. *People v. West*, 139 N.Y.S.3d 413, 415 n.1 (3d Dep't 2020); *People v. Palacios*, 713 N.Y.S.2d 893, 897 (Sup. Ct. 2000). Chevers has accordingly failed to establish a realistic probability that New York would apply § 215.56 in the manner he suggests. We conclude that Chevers's conviction for second-degree bail jumping qualifies as an aggravated felony.

We have considered Chevers's remaining arguments, which we conclude are without merit. We deny the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6